No. 1227.

SUCCESSION OF S. J. WELDON—ON OPPOSITION OF J. L. MORRIS.

Interest on moneys of the wife received and expended by the husband can be allowed only from his death, when the claim is set up against his succession.

In a suit for revival of a judgment, citation within ten years interrupts prescription. If the judgment rendered thereon does not specifically revive the judgment, that error may be corrected by proper proceedings below.

APPEAL from the Thirteenth District Court, Parish of St. Landry. ——, judge ad hoc.

*H. L. Garland* for the Opponent, Appellant.

*K. Baillio,* contra.

## ON MOTION OF ADMINISTRATOR TO DISMISS.

The opinion of the Court was delivered by

MANNING, J.   The motion is based on an alleged want of jurisdiction, it being assumed that the sum involved is $494.   That is the question in dispute, the inventoried value of the succession being claimed by the opponent to be $14,353, and the judge finding it to be $2,550.   Clearly the motion is untenable and must be denied.

## ON THE MERITS.

Weldon died on May 2, 1863 and his widow qualified as administratrix.   The inventory then taken represented values in Confederate currency.   The movables were unavoidably lost through the accidents of war.

Morris obtained judgment against the succession in January 1871 for $550.   In 1882 the succession was not yet settled, and the administratrix had a new inventory taken, the sum total being $494.   She proposes to distribute that sum, and the judgment creditor opposes.   The judge *ad hoc* relieved the administratrix from accounting for property unavoidably lost, compensated the revenues by expenses of various kinds, and reduced the estimated value of the land which was $8,500 in Confederate currency to $2,550, the rate being 30 cents in the dollar.

The administratrix interposes in this Court the plea of prescription to the judgment of the opponent.   Ten years from its rendition would have elapsed in January 1881.   He instituted his action for revival and had citation served the preceding month, but the judgment rendered thereon is not for revival.   It seems to be a judgment for a sum of

money. That had already been obtained. The only object of the subsequent suit was to revive the first judgment, and the revival of it is not even mentioned. It should have been specifically decreed.

It does not follow however that his suit is therefore prescribed. The citation was in time. That has interrupted prescription. The opponent may obtain a judgment for revival on that citation. He is not therefore without interest, and the plea cannot at present be maintained.

The lower court erred in allowing interest on the claim for paraphernal funds from the time they were received by the husband. The proper date is his death. In other respects he has ruled correctly, save in classifying Morris as a judgment creditor absolutely. It may be that on the trial of the suit for revival, payment may be pleaded and proved. He must obtain his judgment for revival at his peril.

It is therefore ordered and decreed that the tableau and account are amended by inserting May 2, 1863 as the date from which interest runs on the widow's paraphernal claim, that the classification of Morris as a judgment creditor be provisionally suspended, and that in other respects the judgment be affirmed, the parties to pay the costs of appeal equally.